UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MODAXO TRAFFIC MANAGEMENT
USA, INC.,

        Plaintiff,

v.                                        Case No.: 3:25-cv-1463-WWB-LLL

SEAN COLLINS,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 3). Therein, Plaintiff seeks a temporary restraining order enjoining Defendant from using Plaintiff's confidential information and directing Defendant to produce his electronics for inspection. (*Id.* at 19).

Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order "without written or oral notice to the adverse party" if the requesting party provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." To obtain a temporary restraining order, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th

Cir. 2005). Additionally, the moving party must present facts and evidence stating why "notice is impractical." M.D. Fla. R. 6.01(b)(2).

Plaintiff's Motion falls short of showing the *immediate* irreparable harm required by Rule 65(b) and fails to provide any reason that notice and an opportunity to respond should be denied to Defendant. "An *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution." *Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995) (Hill, J., concurring). Plaintiff makes the blanket assertion that injury is sufficiently imminent because "Defendant has already stolen substantial confidential information from Modaxo and continues to possess it while maintaining employment with a competing business." (Doc. 3 at 18). Plaintiff, however, fails to provide the Court with any additional factual details to support its position that Defendant poses immediate harm or that his possession of information and work for a competitor—which Plaintiff has been aware of for nearly two months—is sufficient to satisfy the requirements for ex parte relief. (*See* Doc. 1, ¶¶ 36–42). Conclusory statements of imminent harm, without any supporting factual or legal basis, are not sufficient to meet Plaintiff's burden. *See Am. Residential Servs., LLC v. Kennon Heating & Air Conditioning, Inc.*, No. 1:23-CV-02061, 2023 WL 4401616, at *2 (N.D. Ga. May 10, 2023). Furthermore, with respect to notice, Plaintiff only argues that it would be "futile" because Defendant has declined to respond to a cease and desist letter sent in October 2025. (Doc. 1, ¶¶ 36–38; Doc. 3 at 18). Plaintiff fails to cite any legal authority in support of its proposition. Thus, it is not clear that notice and an opportunity to be heard should be denied to Defendant.

For the reasons set forth herein, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 3) is **DENIED**. The

Court will not treat the Motion as a request for Preliminary Injunction. Plaintiff must file a separate motion to the extent it wishes to seek such relief.

**DONE AND ORDERED** in Jacksonville, Florida on November 26, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record