**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MODAXO TRAFFIC MANAGEMENT
USA, INC.,

               Plaintiff,

v.                                 Case No.: 3:25-cv-1463-WWB-LLL

SEAN COLLINS,

               Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint in its Entirety and, in the Alternative, Motion to Strike Plaintiff's Claims for Attorney's Fees (Doc. 18) and Plaintiff's Response in Opposition (Doc. 19).[1]  For the reasons set forth below, Defendant's Motion will be granted in part.

Plaintiff Modaxo Traffic Management USA, Inc. ("**Modaxo**"), develops and sells public safety and transportation technologies.  (Doc. 1, ¶ 8).  In May 2024, Modaxo acquired business assets from Conduent State and Local Solutions, Inc., for whom Defendant Sean Collins was working.  (*Id.* ¶¶ 9, 11).  Modaxo rebranded the acquired assets and offered Collins a job, which he accepted.  (*Id.* ¶¶ 10, 12–13, 15).  In accepting, Collins signed and agreed to Modaxo's Proprietary Rights Agreement ("**Agreement**," Doc. 1-2), which prohibited the disclosure, copying, and transfer of certain "Confidential

---

[1] Plaintiff's Response fails to comply with this Court's January 13, 2021 Standing Order.  In the interests of justice, the Court will consider the filing because this matter is fully briefed and ripe for resolution on the merits, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

Information" defined therein.  (Doc. 1, ¶¶ 14–17).  The Agreement also contained a non-compete clause barring Collins from initiating contact with Modaxo's clients for twelve months following the end of his employment.  (*Id.* ¶ 19).

Collins came to manage Modaxo's account with Vitronic Machine Vision, Inc. ("**Vitronic**"), a camera equipment and service provider.  (*Id.* ¶¶ 23–25).  Modaxo used Vitronic products in a traffic enforcement project it began for Montgomery County, Maryland.  (*Id.* ¶¶ 23, 26–27).  Collins spent one week working on the project, helping the County configure portable speed cameras to detect and process speeding violations.  (*Id.* ¶¶ 27–28).  Weeks later, Montgomery County terminated its contract with Modaxo and entered into a new contract with Vitronic.  (*Id.* ¶¶ 29, 31).  Likewise, Collins resigned from Modaxo and started working for Vitronic.  (*Id.* ¶¶ 30, 32, 35).  Modaxo alleges that he did so in violation of the Agreement, after downloading and retaining confidential information covered thereby.  (*Id.* ¶¶ 33–35, 42, 47).  Modaxo also alleges that Collins has since shared the information with Vitronic and solicited its existing customers and suppliers.  (*Id.* ¶¶ 36, 39, 45, 48).  Modaxo thus brings claims against Collins for breach of contract (Count I), misappropriation of trade secrets under the Florida Uniform Trade Secrets Act (Count II), and injunctive relief (Count III).  (*See generally id.*).

Collins first argues that the Complaint is an impermissible shotgun pleading.  As a general matter, "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"  *Beckwith v. BellSouth Telecomms. Inc.,* 146 F. App'x 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)).  "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are

not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted). As such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009); *see also Johnson Enters. of Jack., Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Collins argues that the Complaint runs afoul of the first and third categories. As to the first category, the Complaint is a "quintessential shotgun pleading" because each successive count "incorporate[s] all of the preceding allegations of the complaint."

3

*Thornton v. City of Macon*, 132 F.3d 1395, 1396 n.1 (11th Cir. 1998); *see also Weiland*, 792 F.3d at 1321 n.11; (Doc. 1, ¶¶ 60, 82). As to the third category, while the Complaint separates claims into three distinct counts, "it is well-established that injunctive relief is not a proper claim for relief in and of itself, but rather a remedy that is available upon a finding of liability on a claim." *GlobalOptions Servs., Inc. v. N. Am. Training Grp., Inc.*, 131 F. Supp. 3d 1291, 1302 (M.D. Fla. 2015) (citing *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005)). Rather than stating a separate claim for injunctive relief, Plaintiff may pursue injunctive relief as a remedy for his remaining claims.[2]

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 18) is **GRANTED in part** to the extent provided herein, and that the Complaint (Doc. 1) is **DISMISSED without prejudice**. Plaintiff may file an amended complaint on or before **April 20, 2026**.

**DONE AND ORDERED** in Jacksonville, Florida on April 7, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[2] The Court makes no ruling on the merits of Defendant's remaining arguments.

4