**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MODAXO TRAFFIC MANAGEMENT USA, INC.,

Plaintiff,

v. Case No.: 3:25-cv-1463-WWB-LLL

SEAN COLLINS,

Defendant.
_________________________________/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Plaintiff's Count II and to Strike Plaintiff's Claims for Attorney's Fees and Action for Injunctive Relief ("**Motion to Dismiss**," Doc. 28) and Plaintiff's Response in Opposition (Doc. 29). For the reasons set forth below, Defendant's Motion will be denied.

## I. BACKGROUND

Plaintiff Modaxo Traffic Management USA, Inc. ("**Modaxo**"), develops and sells public safety and transportation management technologies. (Doc. 27, ¶ 8). In May 2024, Modaxo acquired business assets from Conduent State and Local Solutions, Inc., for whom Defendant Sean Collins was then working. (*Id.* ¶¶ 9, 11). Modaxo rebranded the acquired assets and offered Collins a job, which he accepted. (*Id.* ¶¶ 10, 12–13, 15). In accepting, Collins signed and agreed to Modaxo's Proprietary Rights Agreement ("**Agreement**," Doc. 27-2), which prohibited the disclosure and transfer of Modaxo's "Confidential Information" as broadly defined therein. (*Id.* at 2–4; *see also* Doc. 27, ¶¶ 15–18). The Agreement also prohibited Collins's "copy[ing]," "reproduc[tion]," and "use" of

Confidential Information, "except as [such was] reasonably required . . . to perform [his] duties for [Modaxo]." (Doc. 27-2 at 3; *see also* Doc. 27, ¶ 18). The Agreement required Collins, upon being terminated, to "immediately return . . . all materials . . . containing [] Confidential Information" that remained in his possession or control. (Doc. 27, ¶ 18 (quoting Doc. 27-2 at 3)). Finally, the Agreement contained a non-compete clause barring Collins from initiating contact with Modaxo's clients for twelve months following the end of his employment. (Doc. 27, ¶ 19; Doc. 27-2 at 4–5).

Collins came to manage Modaxo's account with Vitronic Machine Vision, Inc. ("**Vitronic**"), a camera equipment and service provider. (Doc. 27, ¶¶ 23–25). Modaxo used Vitronic products in a traffic enforcement project it began for Montgomery County, Maryland. (*Id.* ¶¶ 26–28). Collins spent one week on the project, helping the County configure portable speed cameras to detect and process speeding violations. (*Id.* ¶¶ 27–28). Weeks later, Montgomery County terminated its contract with Modaxo and executed a similar contract with Vitronic, who became the County's provider of automated traffic enforcement systems. (*Id.* ¶¶ 29, 31). Around the same time, Collins resigned from Modaxo and began working for Vitronic. (*Id.* ¶¶ 30, 32, 35). Modaxo alleges that Collins did so in violation of the Agreement, after downloading and retaining Confidential Information covered thereby. (*Id.* ¶¶ 33–34, 42–47). Modaxo also alleges that Collins has since shared the Confidential Information with Vitronic and solicited Modaxo's existing customers and suppliers. (*Id.* ¶¶ 36, 39, 45, 48). Modaxo thus brings claims against Collins for breach of contract (Count I) and misappropriation of trade secrets (Count II), seeking damages, disgorgement, attorneys' fees, and injunctive relief. (*See generally id.*).

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

To state a claim under the Florida Uniform Trade Secrets Act ("**FUTSA**"), Fla. Stat § 688.001 *et seq.*, Modaxo must allege that Collins misappropriated a trade secret as further defined in the Act. *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1310 (11th Cir. 2020). Broadly speaking, misappropriation is committed through acquisition, disclosure, or use. *See id.* at 1311 (citing Fla. Stat. § 688.002(2)). Here, Modaxo alleges

all three. (*E.g.*, Doc. 27, ¶ 71). "A person misappropriates a trade secret by *acquisition* when he acquires it and 'knows or has reason to know that the trade secret was acquired by improper means.'" *Compulife Software*, 959 F.3d at 1311 (quoting Fla. Stat. § 688.002(2)(a)). Misappropriation also occurs when a trade secret is disclosed or used "without express or implied consent by a person who" either "[u]sed improper means to acquire knowledge of the trade secret," or who, "[a]t the time of disclosure or use, knew or had reason to know that her or his knowledge of the trade secret was . . . [a]cquired under circumstances giving rise to a duty to maintain its secrecy." Fla. Stat. § 688.002(2)(b). "[T]heft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, [and] espionage" are identified as improper means under Section 688.002(1), Florida Statutes.

Modaxo alleges that, as established by an internal forensic review, Collins copied Modaxo's trade secrets to a personal drive, that such use of the trade secrets was not reasonably required in the performance of his work duties, that he failed and refused to return the trade secrets upon his termination, that, upon information and belief, he disclosed and otherwise shared the trade secrets with Vitronic (for whom he had begun working), that he later used the trade secrets in soliciting Modaxo's customers and suppliers, and that all of the above was done in violation of the Agreement. (Doc. 27, ¶¶ 42–49, 71, 74–77). Collins argues that Modaxo fails to allege misappropriation[1] by

---

[1] The trade secrets that Modaxo alleges Collins misappropriated are "(a) full program models; (b) models for new enforcement types; (c) product overview, architecture, and strategy slide decks; (d) customer contracts; (e) technical process documentation for program maintenance and enforcement setup; (f) documentation of enforcement site camera issues and potential program improvements for Modaxo's customers, including [Montgomery] County; (g) collections data containing sensitive customer information; and (h) customer billing information, including average billing

acquisition because these allegations are "consistent with [his] position," which is that he "acquired [the] trade secrets by proper means" during his employment at Modaxo. (Doc. 28 at 4 (emphasis omitted)).

Collins's acquisition argument is irrelevant at the motion to dismiss stage, as the Court construes all allegations in the light most favorable Modaxo. The "position" Collins holds is salient only to the extent that it shows Modaxo has failed to allege enough factual matter to raise a plausible claim of misappropriation by acquisition. Collins hardly raises that dispute. To the extant he does, the Court easily concludes that Modaxo has satisfied the pleading standard by alleging that Collins acquired trade secrets through his breach of a contractual duty to maintain secrecy. *Cf. McGriff Ins. Servs., Inc. v. Littlestone*, No. 2:21-cv-480, 2021 WL 4750646, at *4 (M.D. Fla. Oct. 12, 2021) ("[E]ven in the absence of a contractual restriction, a former employee is precluded from using for his own advantage, and to the detriment of his former employer, confidential information or trade secrets acquired by or imparted to him in the course of his employment." (quoting *Erik Elec. Co. v. Elliot*, 375 So. 2d 1136, 1138 (Fla. 3d DCA 1979))).

As to misappropriation by disclosure and use, Collins labels two paragraphs of the Amended Complaint "conclusory" and "speculative," cites to *Twombly*, and moves on. (Doc. 28 at 5 (citing Doc. 27, ¶¶ 45, 48)). Collins thus ignores the remainder, i.e., most of the factual allegations that raise Modaxo's claim far beyond speculation. (*See* Doc. 27, ¶¶ 1–2, 30–44, 46–47, 49, 67–79). Here, too, the Court finds Modaxo's allegations

amounts and fee models." (Doc. 27, ¶ 72; *see also id.* ¶¶ 33–34, 73). Collins does not contest that the various forms of Confidential Information Modaxo identifies constitute trade secrets. *See Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 898 F.3d 1279, 1298 (11th Cir. 2018) ("[W]hether something is a trade secret is a question typically resolved by a fact finder after full presentation of evidence from each side." (quotation omitted)).

plainly adequate, though Collins's drive-by argument need not even be considered. *See Cousins v. Sch. Bd. of Orange Cnty.*, 687 F. Supp. 3d 1251, 1280 (M.D. Fla. 2023).

Collins next argues that the Court should strike or dismiss Modaxo's requests for attorney's fees in Counts I and II. Count I does not even include a request for attorney's fees. (Doc. 27, ¶ 59). As to Count II, Collins does not provide a governing standard on, much less any authority relevant to, striking a request for attorney's fees pursuant to Federal Rule of Civil Procedure 12(f). Nor does Collins present any authority for dismissing the request under Rule 12(b). Nonetheless, Collins argues that Modaxo fails to adequately allege that he engaged in willful and malicious misappropriation as required to recover attorney's fees under section 688.005, Florida Statutes.

A party's entitlement to attorney's fees is normally determined "after entry of judgment." M.D. Fla. R. 7.01(b). However, "court[s] may . . . strike a demand for attorney's fees[] where the plaintiff fails to plead a contractual or statutory basis or none exists." *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F. Supp. 3d 1358, 1365 (M.D. Fla. 2015). The parties agree that section 688.005 allows for the recovery of attorney's fees in at least some circumstances. Modaxo has alleged such circumstances, which it may ultimately prove, and has additionally identified a statutory basis for such relief. Collins's request is thus premature and will be denied. *See Caballero v. AAA Diversified Servs., Inc.*, No. 8:10-CV-680-T, 2010 WL 3222108, at *1 (M.D. Fla. July 27, 2010).

Finally, Collins asserts that the Court should strike Modaxo's request for injunctive relief "[i]n light of the Court's prior Order dismissing [Modaxo's] separate count for injunctive relief." (Doc. 28 at 8). The Order to which Collins refers explained that "injunctive relief is not a proper claim for relief in and of itself," and expressly allowed

Modaxo to "pursue injunctive relief as a remedy" rather than a claim. (Doc. 22 at 4 (quotation omitted)). Modaxo now seeks "injunctive relief in connection with its claims for breach of contract (Count I) and misappropriation of trade secrets (Count II)." (Doc. 27, ¶ 83). To the extent that Modaxo attempts to move for "temporary, preliminary, and permanent injunctive relief" through its pleading, the request remains improper. (*Id.* ¶ 84); *see also* M.D. Fla. R 6.01–6.02. Nonetheless, Collins fails to identify that potential deficiency as creating any confusion or prejudice or as constituting redundant, immaterial, impertinent, or scandalous matter. *See* Fed. R. Civ. P. 12(f); *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012). The Court therefore declines to strike Modaxo's request.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Collins's Motion to Dismiss (Doc. 28) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on September 21, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record